UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENTERPRISE TECHNOLOGY HOLDINGS, INC.,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>NOVEON SYSTEMS, INC.; MADELINE LOPEZ; and JAMES ALBERT BEARS,<br><br>　　　　　　　　　　　Defendants. | Civil No.　05cv2236-W (CAB)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY AS TO DEFENDANT LOPEZ** |

　　　Before the Court is Plaintiff Enterprise Technology Holdings' ("ETH") motion to compel discovery responses and for sanctions against Defendant Madeline Lopez ("Lopez"), in *pro se*. The parties submitted letter briefs in support of their positions directly to chambers, and the Court finds this motion suitable for determination on the papers submitted and without oral argument in accordance with Civil Local Rule 7.1(d)(1). The Plaintiff's motion is **DENIED**.

　　　In December, 2005, ETH filed a complaint against Noveon Systems Inc., a Florida corporation, for copyright infringement and unfair competition. Lopez was the president and owner of Noveon. Her husband, Francis Lopez, was in charge of operations.

　　　On February 28, 2007, ETH filed a First Amended Complaint ("FAC") [Doc. No. 63], alleging that Lopez is the sole shareholder, sole officer, director and person in control of Noveon, and is the alter ego of Noveon, and it therefore liable for all damages resulting from Noveon's actions.

On August 15, 2007, a default judgment was entered against Noveon and ETH was awarded $733,478.01 in damages, fees and costs, to be paid by Noveon for all causes of action. [Doc. No.108.] Noveon apparently has not satisfied the judgment, so ETH is pursuing its alter ego claim against Lopez to seek satisfaction of the judgment from her personally. The only allegation against Lopez is one of alter ego, such that she can be held personally liable for the damages entered against Noveon. FAC at ¶¶ 78, 86, 91, 139 and 171. The discovery needed to litigate the alter ego claim is a focused inquiry and does not require broad inquiry into the underlying issues resolved by the default against Noveon.

On January 18, 2008, ETH served a Request for Production of Documents, Interrogatories and Requests for Admission on Lopez. On February 19, 2008, Lopez responded to the Interrogatories and the Requests for Admission. On March 3, 2008, Lopez provided a written response to the document request and produced responsive documents in her possession.

ETH communicated to Lopez that is was not satisfied with the responses and requested supplemental responses. Lopez provided a supplemental document production in response. To many discovery requests, however, she responded she has no responsive documents or knowledge.

ETH brought this motion to compel arguing that the Defendant refused to provide documents responsive to the majority of ETH's Requests for Production[1] and provided evasive and incomplete responses to Plaintiff's Interrogatories.[2]

With regard to the document requests, Defendant, in her opposition, contends she provided the responsive documents in her possession, custody and control. There are many requests to which she states she has no responsive documents. Despite the Plaintiff's speculation and conjecture that this is unlikely and false, the Court accepts the Defendant's representation that she made a good faith effort to locate and produce the responsive documents and has done so. Although Plaintiff is dissatisfied with this response, it has offered no tangible evidence that it is

---

[1] Plaintiff moved to compel production on 23 requests out of 89 propounded requests.

[2] Plaintiff moved to compel on 11 of the 25 interrogatory responses. The motion does not address the responses to the Requests for Admission.

1  untrue. Moreover, Requests for Production Nos. 28-38, regarding communications between
2  Defendant, Noveon and various other individuals and Noveon customers are so overbroad with
3  respect to the alter ego claim asserted against Lopez, they are harassing. No further responses are
4  required of the Defendant.

5  As for the Interrogatories, Lopez has verified her responses and represented to the Court
6  that she has no further information. Her responses are deemed complete and no further response is
7  required of the Defendant, particularly given the marginal relevance a number of the
8  Interrogatories have to the alter ego claim asserted. The Plaintiff has served the 25 Interrogatories
9  and 25 Requests for Admission allowed by the Federal Rules of Civil Procedure and this Court's
10 Local Rules. Plaintiff may propound no further Interrogatories or Requests for Admission on this
11 Defendant without leave of court. Plaintiff's Motion to Compel is **DENIED**.

13 DATED: June 2, 2008

_____
**CATHY ANN BENCIVENGO**
United States Magistrate Judge