UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENTERPRISE TECHNOLOGY HOLDINGS, INC., <br><br> Plaintiff, <br><br> v. <br><br> NOVEON SYSTEMS, INC.; MADELINE LOPEZ; and JAMES ALBERT BEARS, <br><br> Defendants. | Civil No.  05cv2236-W (CAB) <br><br> **ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY AS TO DEFENDANTS BEARS AND LOPEZ; AND CREDITING DEFENDANT BEARS WITH $1417.50 TOWARDS AN OUTSTANDING DISCOVERY SANCTION** |

Before the Court is Plaintiff Enterprise Technology Holdings' ("ETH") motion to compel discovery responses and/or for sanctions against Defendants James Bears ("Bears") and Madeline Lopez ("Lopez"), both in *pro se*. The parties submitted letter briefs in support of their positions directly to chambers,[1] and the Court finds this motion suitable for determination on the papers submitted and without oral argument in accordance with Civil Local Rule 7.1(d)(1). The Plaintiff's motion is **DENIED**.

ETH took the deposition of Defendant Bears on April 16, 2008. Bears was asked to identify his current employer and would not provide the information asserting it was irrelevant to the claims and defenses in this litigation. Bears was informed that he could make his objection, but he was

---

[1] Although there is a Certificate of Service on Defendant Lopez, she did not make a submission in opposition to ETH's motion.

instructed he was still required to respond. Bears, who is a *pro se* litigant, declined to do so on the record and wanted to consult with counsel. Bears then provided the responsive information by email on April 19, 2008 to counsel for Plaintiff.

Plaintiff's counsel, Sunjina Ahuja, Esq., contends she did not received this email and therefore filed the motion to compel.[2] Counsel declared that she sent Bears an email on April 29, 2008 informing Bears that if he did not provide the employment information on or before May 1, 2008, plaintiff would be forced to compel this information from the courts. She did not speak with Bears before filing the motion. If she had she would have realized she was already in possession of the information being compelled for <u>almost a month</u> before the motion was submitted. Plaintiff's motion to compel and for monetary sanctions is **DENIED**.

On March 25, 2008, Plaintiff served Defendant Lopez, in *pro se*, with its Second Request for Production. Lopez has not responded. Plaintiff therefore moves for evidentiary sanctions against Lopez. Lopez filed no opposition; however Plaintiff never met and conferred with Lopez before bringing the motion.

Plaintiff's counsel has not certified that she met and conferred with Defendant Lopez regarding this motion as required by the Local Rules. According to Plaintiff's counsel, on April 30, 2008, she sent a letter to Lopez as plaintiff's "effort to meet and confer" on this dispute. The Local Rules unambiguously state that "Under no circumstances may the parties satisfy the meet and confer requirement by exchanging written correspondence." CivLR 26.1.a. Plaintiff has not satisfied the meet and confer requirements of this court and the motion for sanctions against Lopez will therefore not be considered. <u>Id.</u> The motion for evidentiary and monetary sanctions is **DENIED** without prejudice.

---

[2] Ms. Ahuja states that the email address to which Bears sent the information was "an older email address" that she "no longer use[s]." In response, Bears provided the Court with an email sent to him by Ms. Ahuja from the purportedly unused address as recently as March 20, 2008. Ms. Ahuja asserts that the March email reflecting her old account is a technically error within her firm's email account. If so, it is an error Dillon & Gerardi should correct forthwith to avoid problems like this in the future.

Plaintiff's counsel's failure to properly meet and confer with the Defendants before bringing this motion resulted in unnecessary motion practice against Defendant Bears and a non-compliant motion against Defendant Lopez. Plaintiff's counsel claims to have incurred $1,417.50 in expenses and costs against each Defendant in the pursuing this unnecessary/improper motion. Defendant Bears is a *pro se* litigant and was required to spend his time and effort responding to a motion that was filed improvidently. The Court finds it appropriate to **CREDIT** Defendant Bears for his time unnecessarily incurred by this motion practice. Defendant Bears is therefore credited $1,417.50 toward the outstanding discovery sanction imposed on him in the Court's Order of March 13, 2008 [Doc. No. 124], leaving a balance due by Defendant Bears of $1323.75.

As a final matter, the parties are directed to correct all future filings to reflect the proper Civil Case number for this matter: 05cv2236-W (CAB). Plaintiff's counsel is further instructed that as to any future filings it is unnecessary to file a request for Judicial Notice of pleadings, motions and orders docketed in this case.

**IT IS SO ORDERED.**

DATED: June 3, 2008

_____
CATHY ANN BENCIVENGO
United States Magistrate Judge